IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FELIPE RAMIREZ FERRER**
  **Petitioner**

  **v.**

**UNITED STATES OF AMERICA**
  **Respondent**

**Civil No. 05-1347 (PG)**
**[Related to Criminal No. 93-113 (PG)]**

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 2255, petitioner Felipe Ramírez-Ferrer (hereinafter "Ramírez-Ferrer") filed his second motion to vacate and set aside his respective sentence imposed by the Court in Criminal No. 93-113(PG) (**Docket No. 1**).

He seeks § 2255 relief based upon the United States Supreme Court's recent rulings in *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005) and *Blakely v. Washington,* 542 U.S.–, 124 S.Ct. 2531 (2004). After careful review of the record and the applicable law, this Magistrate-Judge **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.    Factual and Procedural Background**

On June 9, 1993, the Grand Jury returned a three-count superseding indictment against Ramírez-Ferrer and other defendants.[1] The case went to trial and on September 28, 1993, and the jury convicted Ramírez-Ferrer on all three counts. *See* Criminal Case No. 93-113(PG), Docket Nos. 75 and 76. On November 22, 1993, District Judge Juan Pérez-Giménez sentenced Ramírez-Ferrer to concurrent terms of imprisonment of 240 months as to Counts One and Two and a consecutive term of 60 months of imprisonment as to Count Three.   Concurrent

---

[1] Count One charged the defendants with illegal possession and intent to distribute 16 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Two charged the defendants with aiding and abetting each other to import the cocaine into U.S. territory "from a place outside thereof but within the United States" to Puerto Rico in violation of 21 U.S.C. § 952(a). Count Three charged the defendants with aiding and abetting each other in possessing and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  See Criminal Case No. 93-113(PG), Docket No. 28.

Civil No. 05-1347(PG) Page No. 2

supervised release terms of five years as to Counts One and Two and three years for Count Three were also imposed (Criminal Case No. 93-113(PG), Docket Nos. 87 and 122). Ramírez-Ferrer was also ordered to pay a Special Monetary Assessment of $50.00 as to each count, for a total of $150.00 (Criminal Case No. 93-113(PG), Docket Nos. 86 and 87). Judgment was entered accordingly on November 22, 1993 (Criminal Case No. 93-113(PG), Docket No. 85).

Ramírez-Ferrer appealed his conviction. The First Circuit Court of Appeals originally affirmed his conviction on Counts One and Three but reversed his conviction on Count Two and remanded the case for re-sentencing. *United States v. Ramírez-Ferrer*, Nos. 94-1016, 94-1017, 94-1018, 1995 WL 237041, at *1, 14 (1st Cir. Apr. 27, 1995). In a superseding en banc opinion, the Court of Appeals upheld Ramírez-Ferrer's conviction on Count Two, affirmed his convictions on Count One, and remanded the case for further proceedings on Count Three. *United States v. Ramírez-Ferrer*, 82 F.3d 1131, 1144 (1st Cir. 1996). On remand, the Court of Appeals upheld Ramírez-Ferrer's conviction on Count Three. *United States v. Ramírez-Ferrer*, 82 F.3d 1149, 1154 (1st Cir. 1996). Subsequently, the Supreme Court denied writ of certiorari. 519 U.S. 97 (1996). Finally, in accordance with the Court of Appeals' reversal of Ramírez-Ferrer's conviction on Count Two, on June 30, 1997, the District Court amended the judgment entered against Ramírez-Ferrer by vacating his sentence as to Count Two (Criminal Case No. 93-113(PG), Docket Nos. 137 and 138).

Ramírez-Ferrer next sought § 2255 relief in Civil Case No. 97-2570(PG). The request was denied on July 5, 2000 (Civil Case No. 97-2570(PG), Docket Nos. 1, 17, 18). A Certificate of Appeal ability (COA) was also denied. *Id.* at Docket No. 20.

Ramírez-Ferrer now seeks § 2255 relief a second time based upon recent rulings issued by the United States Supreme Court.

Civil No. 05-1347(PG)                                                                                                         Page No. 3

## II.    Conclusions of Law

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief: The prisoner may assert that: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum authorized by law; and, 4) that the sentence is otherwise subject to collateral attack.  A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. §2255.  However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations.  *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992).

Ramírez-Ferrer argues that his sentence was unconstitutionally imposed as a result of the United States Supreme Court's ruling in *United States v. Booker,* 542 U.S.–, 125 S.Ct. 738 (2005) and *Blakely v. Washington,* 542 U.S.– , 124 S.Ct. 2531 (2004).  It is quite evident that both cases were decided subsequent to the conclusion of Ramírez-Ferrer's direct appeal and his first § 2255 motion.  In particular, *Booker* which dealt with the federal Sentencing Guidelines, holds that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," *id.* at 756, insofar as the sentence is imposed under a mandatory guideline regime, *see id.* at 756-57, 767-68.

Virtually every United States Appellate Court to address the issue, have found that the holdings of *Booker* and *Blakely* are not retroactive on collateral review.  This is so because the new rule rendering the Sentencing Guidelines as advisory, is procedural rather than substantive

Civil No. 05-1347(PG)                                                                                                          Page No. 4

in nature. Hence, the holdings do not qualify as a "watershed rule" implicating "the fundamental fairness and accuracy of the criminal proceedings." *Saffle v. Parks,* 494 U.S. 484, 495, 110 S.Ct. 1257 (1990); *see also McReynolds v. United States, supra; Schriro v. Summerlin,* – U.S.– , 124 S.Ct. 2519, 2523-26 (2004); *Sepulveda v. United States,* 330 F.3d 55, 63 (1st Cir. 2003).  Further, when the Supreme Court's decided *Booker,* it was very explicit in stating that *Booker* was to be applied retroactively to all cases pending on *direct review* or not yet final, *with no exception* for cases in which the new rule constitutes a "clear break" with the past. *Booker*, 125 S.Ct. at 769. (Court's emphasis).  Similarly, numerous courts have failed to find a retroactive application of the doctrines set forth  in either *Booker* or *Blakely*. *See, McReynolds v. United States,* 397 F.3d 479, 480 (2d Cir.2005) (holding that *Booker* does not apply retroactively to collateral proceedings under §§ 2255); *Guzmán v. United States,* – F.3d – , 2005 WL 803214 (2d Cir. Apr. 8, 2005); *Varela v. United States,* 400 F.3d 864 (11th Cir. 2005); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005); *Carmona v. United States,* 390 F.3d 200, 202 (2d Cir. 2004) (the Supreme Court has not made the *Blakely* rule applicable to cases on collateral review); *Simpson v. United States,* 376 F.3d 679, 681-682 (7th Cir. 2004) (same); *In re: Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004) (*Blakely* rule does not apply retroactively on collateral review and cannot authorize a successive habeas petition). *See also Schriro v. Summerlin,* – U.S. –, 124 S.Ct. 2519 (2004) (declaring that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428 (2002), does not apply retroactively on habeas review); *cf. Sepúlveda v. United States,* 330 F.3d 55, 66-67 (1st Cir. 2003) (*Apprendi* does not apply retroactively to cases on habeas review).

      Based upon the foregoing,  Ramírez-Ferrer, who seeks collateral relief under § 2255, is not entitled to relief under the holdings of either *Blakely* or *Booker*.

Civil No. 05-1347(PG) Page No. 5

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Docket No. 1**) be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72(a) and Local Criminal Rule 157.1. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Local Rule Civ. Rule 72(d); Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 29th day of April, 2005.

**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**